[No. B013895. Second Dist., Div. Four. Dec. 11, 1985.]

LORBER INDUSTRIES OF CALIFORNIA,
Plaintiff, Cross-defendant and Respondent, v.
TURBULENCE, INC., Defendant, Cross-complainant and Appellant.

COUNSEL

David N. Makous for Defendant, Cross-complainant and Appellant.

Levy & Norminton, Thomas M. Norminton and Douglas S. Waggaman for Plaintiff, Cross-defendant and Respondent.

OPINION

WOODS, P. J.—Turbulence, Inc., appeals from the judgment granting Lorber Industries of California (respondent) a right to attach order.[1]

Appellant contends that the trial court's order is erroneous as respondent did not establish the probable validity of its claim against appellant. We disagree. The record demonstrates sufficient evidence to support the trial court's order. We therefore affirm.

Appellant is a corporation engaged in the distribution of wearing apparel. Respondent is a corporation engaged in manufacturing and printing textiles.

In 1984, the parties entered into a series of written agreements whereby appellant ordered fabrics from respondent. Respondent prepared and delivered the materials, usually to appellant's authorized cutting service. These deliveries continued until December of 1984, when the company that finances respondent's accounts receivable charged respondent $40,974.06 for appellant's alleged failure to pay for goods received.

As a result of these "chargebacks," respondent filed a complaint against appellant on February 12, 1985, for money damages, alleging that appellant owed in excess of $32,000 for goods delivered. After the lawsuit began, appellant paid respondent over $15,000 on its account.

On February 19, 1985, respondent filed a notice of application for a right to attach order and writ of attachment, setting the hearing date for March 7. On March 6, appellant filed a cross-complaint, alleging that the material was defective when received. Appellant filed its opposition to respondent's application for a right to attach order on March 7, the day of the hearing.[2]

---

[1]The order is appealable. (Code Civ. Proc., § 904.1, subd. (e).) All statutory references are to the Code of Civil Procedure unless otherwise noted.

[2]Section 484.060 requires the party opposing the right to attach order to serve and file opposition to the application five days or more before the hearing; otherwise that party will not be permitted to oppose the issuance of the order. The record contains no objection to the late filing of the opposition papers.

The trial court found that respondent had established the probable validity of its claim under the attachment law. The application was granted in the sum of $18,107.86, with a required undertaking of $7,500. This appeal ensued.

■ Attachment is a prejudgment remedy which requires a court to make a preliminary determination of the merits of a dispute. It allows a creditor who has applied for an attachment following the statutory guidelines and established a prima facie claim to have a debtor's assets seized and held until final adjudication at trial. (See generally 6 Witkin, Cal. Procedure (3d ed. 1985) Provisional Remedies, § 35 et seq.; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (TRG 1985) Provisional Remedies, § 9:458 et seq.)

Appellant concedes that respondent's claim falls within the scope of section 483.010, subdivision (a).³ Appellant argues that respondent has not met the requirements of section 484.090, subdivision (a)(2), which requires the creditor to establish the "probable validity" of the claim upon which the attachment is based. Section 481.190 recognizes a claim to have "probable validity" where "it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim."

Appellant mistakenly argues that the issue on appeal is the application of the statutory standard of probable validity to the uncontradicted evidence, rather than the sufficiency of the evidence. Appellant relies on cases like *Southern California Edison Co.* v. *State Board of Equalization* (1972) 7 Cal.3d 652, 659, footnote 8 [102 Cal.Rptr. 766, 498 P.2d 1014], and *Goddard* v. *South Bay Union High School Dist.* (1978) 79 Cal.App.3d 98, 105 [144 Cal.Rptr. 701], in which the facts were undisputed so the reviewing courts were not bound by trial court determinations of the interpretation of statutes or administrative regulations. In contrast, the parties here do not dispute the meaning of the statutory definition of probable validity. Appellant's challenge goes to the alleged failure of respondent to carry its burden of proof of probable validity.

■ "The question whether the evidence adduced by a party who has the burden of proof carries the required weight is for the trier of fact and not the court of review. [Citations.] 'On appeal the question is governed by the substantial evidence rule like any other issue of fact.' [Citations.]" (*Estate of Gelonese* (1974) 36 Cal.App.3d 854, 863 [111 Cal.Rptr. 833].) We apply this standard in reviewing the record.

---

³Section 483.010, subdivision (a) requires that attachment be based on a money claim arising out of an express or implied contract, for a "fixed or readily ascertainable amount" not less than $500.

In support of its application for a right to attach order, respondent submitted the declaration of its president, Arnold Lorber, together with supporting business records. The declaration and records proved the dates, amounts, place of delivery and types of merchandise delivered.

In opposing the application, appellant relied on its cross-complaint, which was verified by its vice president, and had documentary evidence attached. Appellant did not dispute the price or delivery of the materials. It argued that the damaged condition of the merchandise showed that respondent had not established the probable validity of its claim or at least entitled appellant to an offset.

The trial court properly rejected appellant's arguments, as appellant could not base them upon the verified cross-complaint.

Section 484.060, subdivision (a) provides that an opposition to attachment "shall be accompanied by an affidavit supporting any factual issues raised . . . ." Section 482.040 of the attachment law states that a "verified complaint . . . may be used in lieu of or in addition to an affidavit." However, section 446 (third paragraph), which predates these sections, specifies that "when the verification is made on behalf of a corporation or public agency by any officer thereof, . . . the pleadings shall not otherwise be considered as an affidavit or declaration establishing the facts therein alleged." Reconciling the two statutes, we conclude that a verified cross-complaint cannot support an opposition to an application for a right to attach order where the verification is made by a corporate officer on behalf of a corporation. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, § 9:491.1.) Appellant made no valid evidentiary showing in opposition to respondent's application.

The judgment is affirmed.

McClosky, J., and Fields, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 26, 1986.

---

*Assigned by the Chairperson of the Judicial Council.