VFS FINANCING, INC.

v.

CHF EXPRESS, LLC, et al.

Case No. CV 09–1163–DSF (RCx).

United States District Court, C.D. California.

April 22, 2009.

Michael A. Garabed, Timothy S. Harris, for Plaintiff.

Leland A. Wahl, for Defendants.

## PROCEEDINGS: ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On February 25, 2009, plaintiff VFS Financing, Inc., filed a notice of application for right to attach order and writ of attachment,[1] a supporting memorandum of points and authorities and the supporting declarations of Scott Forsberg and Aferdita Mustafa with exhibit. On April 8, 2009, defendants Robert Fowler and Ronald W. Hertel filed evidentiary objections to plaintiff's attachment application,[2] a memorandum of points and authorities in opposition to plaintiff's attachment application, and the opposing declarations of William Borgsmiller with exhibits, William Zech with exhibit,[3] and Robert Fowler with exhibit.[4] On April 15, 2009, plaintiff filed its reply, the supplemental supporting declaration of Scott Forsberg, the supporting declaration of Brian Panning, a response to defendants' evidentiary objections, and objections to defendants' evidence.[5]

1. Plaintiff seeks an attachment in the amount of $3,229,664.21 against any property of defendant CHF Express, LLC, and the issuance of a right to attach order and writ of attachment on identified parcels of real property owned by individual defendants Robert Fowler and Ronald W. Hertel.

2. Defendants object to: Exhibit F attached to the complaint on the grounds of lack of foundation and authentication and relevancy; the declaration of Aferdita Mustafa ("Mustafa Decl.") ¶¶ 15–17 and Exhibit A on the grounds of lack of personal knowledge, foundation and authentication, relevancy and/or hearsay; and the declaration of Scott Forsberg ¶¶ 4, 6–8 on the grounds of lack of personal knowledge and foundation, speculation, conclusion and/or argument. For the reasons discussed herein, it is unnecessary for the Court to address defendants' objections to the declaration of Mr. Forsberg.

3. The declarations of Messrs. Borgsmiller and Zech establish the value of the collateral defendant CHF gave plaintiff to cover defendants' alleged debt to plaintiff, and assert any diminution in value was solely plaintiff's fault. *See* Declaration of William Borgsmiller ¶¶ 11, 14–19, Exhs. 4–6; Declaration of William Zech ¶¶ 7–8.

4. Mr. Fowler's declaration challenges the authenticity of Exhibit F attached to the complaint.

5. Plaintiff objects to the declaration of William Borgsmiller ¶¶ 18–19 and Exh. 4. However, for the reasons discussed herein, it is

The hearing was held before Magistrate Judge Rosalyn M. Chapman on April 22, 2009. Michael A. Garabed and Timothy S. Harris, attorneys-at-law with the law firm Reed Smith, appeared on behalf of plaintiff, and Leland A. Wahl, attorney-at-law with the law firm Rockey & Wahl, appeared on behalf of defendants Fowler and Hertel.

## BACKGROUND

On February 18, 2009, plaintiff VFS Financing, Inc., a Delaware corporation with its principal place of business in Connecticut, filed a verified complaint for breach of contract based on diversity of citizenship against defendants CHF Express, LLC ("CHF"), a California limited liability company, R.W. Hertel & Sons, Inc. ("RWH"), a California corporation, Robert Fowler and Ronald W. Hertel. The plaintiff alleges: At all relevant times, it "was in the business of ... providing financing for aircraft." Complaint ¶ 6. Plaintiff is the assignee and successor-in-interest to Bank of America Leasing and Capital, LLC ("BALC") "with respect its rights in the loan documents and guaranties" signed by defendants. *Id.* ¶¶ 6, 19–20. At all times, CHF was "operating a flying service transporting passengers and/or freight." *Id.* ¶ 7. On or about December 29, 2006, BALC entered into a Loan and Aircraft Security Agreement, whereby it loaned CHF $7.15 million "for the purchase of an aircraft for use in CHF's business operations," and said loan was "evidenced by a Promissory Note ..., which requires repayment of the loan in installments...." *Id.* ¶¶ 13–14, Exhs. A–B. "As security for the loan, the Security Agreement granted BALC a senior security interest in the aircraft purchased by CHF with the proceeds of the loan"—a 1999 Citation, Model 560XL aircraft ("560 Aircraft")—as well as two aircraft engines and a Honeywell aux-

iliary power unit. *Id.* ¶ 15. On December 29, 2006, defendants RWH, Fowler and Hertel each guarantied the obligations of CHF under the promissory note. *Id.* ¶¶ 16–18, Exhs. C–E.

On or about May 20, 2008, plaintiff and defendants entered into a "Forbearance Agreement" modifying the terms of the Security Agreement, the note and guaranties. *Id.* ¶ 21, Exh. F. Defendant CHF is in default on the loan, and as of January 6, 2009, owed plaintiff $7.2+ million in principal, interest, and other charges and fees, not including attorney's fees and costs. *Id.* ¶ 23. Plaintiff notified CHF of the default and made demand upon CHF to immediately cure the default and pay all amounts due. *Id.* ¶ 24. "Subsequent to default, CHF surrendered the [560] Aircraft to [plaintiff,] [who] currently possesses the [560] Aircraft, but has been unable to liquidate it." *Id.* ¶ 26. BALC and plaintiff have performed all obligations under the various loan documents. *Id.* ¶¶ 31–32.

The plaintiff seeks judgment in the amount of the loan, as proven at trial, plus attorney's fees and costs. Complaint ¶¶ 33–34, 36–37, 39–40. The defendants have not yet answered, or otherwise pleaded to, the complaint.

## DISCUSSION

### I

Federal Rule of Civil Procedure 64 provides for prejudgment attachment, and other prejudgment remedies, as follows:

(a) At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

unnecessary for the Court to address these objections.

But a federal statute governs to the extent it applies.

(b) The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:

- arrest;
- attachment;
- garnishment;
- replevin;
- sequestration; and
- other corresponding or equivalent remedies.

Fed.R.Civ.P. 64. Rule 64 codifies "long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Co.*, 415 U.S. 423, 436 n. 10, 94 S.Ct. 1113, 1123 n. 10, 39 L.Ed.2d 435 (1974); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1063–64 n. 13 (9th Cir.1991); *see also* 11A Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d § 2932 (1995 ed.) ("[S]tate law ordinarily determines when and how a provisional remedy [such as attachment] is obtained...."). This principle applies to federal diversity actions. *Baxter v. United Forest Prods. Co.*, 406 F.2d 1120, 1125 (8th Cir.), *cert. denied*, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969).

■ "Attachment is an ancillary or provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment." *Kemp Bros. Constr., Inc. v. Titan Elec. Corp.*, 146 Cal.App.4th 1474, 1476, 53 Cal.Rptr.3d 673 (2007) (citations and internal quotation marks omitted). "Attachment is a harsh remedy because it causes the defendant to lose control of his property before the plaintiff's claim is adjudicated." *Martin v. Aboyan*, 148 Cal.App.3d 826, 831, 196 Cal. Rptr. 266 (1983). In California, the procedures and grounds for obtaining orders permitting prejudgment writs of attachment are governed by California Code of Civil Procedure ("C.C.P.") §§ 481.010, et seq. *Pos–A–Traction, Inc. v. Kelly–Springfield Tire Co.*, 112 F.Supp.2d 1178, 1181 (C.D.Cal.2000). Since California's attachment law is purely statutory, it must be strictly construed. *Kemp Bros. Constr., Inc.*, 146 Cal.App.4th at 1476, 53 Cal.Rptr.3d 673; *Pacific Decision Sciences Corp. v. Superior Court*, 121 Cal.App.4th 1100, 1106, 18 Cal.Rptr.3d 104 (2004).

The moving party has the burden of establishing grounds for an attachment order. *Pos–A–Traction, Inc.*, 112 F.Supp.2d at 1181; *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal.App.3d 1110, 1116, 212 Cal.Rptr. 830 (1985); *see also* Legislative Committee Comment to 1974 Addition to C.C.P. § 484.090 ("[T] he plaintiff has the burden of proving (1) that his claim is one upon which an attachment may be issued, and (2) the probable validity of such claim."). "Generally, an order of attachment may be issued only in an action for a claim of money which is based upon an express or implied contract where the total amount of such claim is a fixed or 'readily ascertainable' amount not less than $500.00." *Pos–A–Traction, Inc.*, 112 F.Supp.2d at 1181–82; C.C.P. § 483.010(a). "A prejudgment attachment may secure the amount of the claimed indebtedness, as well as estimated costs and allowable attorney's fees." *Pos–A–Traction, Inc.*, 112 F.Supp.2d at 1182; *Goldstein v. Barak Constr.*, 164 Cal.App.4th 845, 852, 79 Cal. Rptr.3d 603 (2008); C.C.P. § 482.110(b). However, the amount to be secured by an attachment shall be reduced by "[t]he value of any security interest in the property

of the defendant held by the plaintiff to secure the defendant's indebtedness claimed by the plaintiff, together with the amount by which the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest." C.C.P. § 483.015(b)(4).

Section 484.090 provides that before an attachment order is issued, the Court must find all of the following: (1) the claim upon which the attachment is based is one upon which an attachment may be issued; (2) the applicant has established "the probable validity" of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the request for attachment is based; and (4) the amount to be secured by the attachment is greater than zero. This ·is true "[u]nder the Attachment Law, '[w]hether or not the defendant appears in opposition....'" *Bank of America v. Salinas Nissan, Inc.*, 207 Cal.App.3d 260, 271, 254 Cal.Rptr. 748 (1989) (citation omitted). To establish the "probable validity" of the claim, the applicant must show "it is more likely than not" it will obtain a judgment against the defendant on its claim. C.C.P. § 481.190.

Attachment may issue against an individual who guarantees corporate obligations or business debts if "the guarantee ... sued upon is part and parcel of an activity which occupies the time, attention and effort of the guarantor for the purpose of livelihood or profit on a continuing basis." *Advance Transformer Co. v. Superior Court of Los Angeles County (Shapiro)*, 44 Cal.App.3d 127, 144, 118 Cal.Rptr. 350 (1974). However, an attachment may be issued against a natural person "only on a claim which arises out of the conduct by the defendant of a trade, business, or profession[,]" and only if the goods, services, or money furnished were not used by the defendant primarily for personal, family or household purposes. C.C.P. § 483.010(c).

## II

"A defendant who opposes a right to attach order · must give notice of his objection 'accompanied by an affidavit supporting any factual issues raised and points and authorities supporting any legal issues raised.'" *Goldstein*, 164 Cal. App.4th at 852, 79 Cal.Rptr.3d at 609 (quoting C.C.P. § 484.060(a)). Here, defendants Fowler and Hertel oppose the right to attach order, but defendant CHF has not filed any objections. Defendants Fowler and Hertel make the following objections to plaintiff's application: (1) the claim amount is not "readily ascertainable" because the value of the 560 Aircraft cannot be determined by reference to the loan documents; (2) the value of the 560 Aircraft, at the time it was surrendered to plaintiff, was sufficient to pay all or substantially all of defendants' debt to plaintiff, and since plaintiff has not provided any excuse for its failure to sell the 560 Aircraft over the past ten months, the decrease in value of the 560 Aircraft reduces plaintiff's claim; (3) under the Uniform Commercial Code, plaintiff's conduct was not commercially reasonable, and the unsecured debt is presumed to be zero; and (4) there is no competent evidence to support plaintiff's claim.

Since the Court finds there is no competent evidence supporting plaintiff's request for a writ of attachment, the Court addresses only that objection. The application for a right to attach order must be supported by an affidavit or declaration showing that the applicant, on the facts presented, would be entitled to a judgment on the claim upon which the attachment is based. C.C.P. § 484.030. The affidavit or declaration must state the facts "with particularity." C.C.P. § 482.040. Except where matters are specifically permitted to be shown upon information and belief, each affidavit or declaration must show that the

affiant or declarant, if sworn as a witness, can testify competently to the facts stated therein. *Id.* The Court, in considering an application for right to attach order and writ of attachment, must "apply the same evidentiary standard to an attachment hearing decided on affidavits and declarations as to a case tried on oral testimony." *Goldstein,* 164 Cal.App.4th at 853, 79 Cal. Rptr.3d 603; *Lorber Indus. of Cal. v. Turbulence, Inc.,* 175 Cal.App.3d 532, 535, 221 Cal.Rptr. 233 (1985). "At a minimum, this means that the affiant or declarant must show actual, personal knowledge of the relevant facts, rather than the ultimate facts commonly found in pleadings, and such evidence must be admissible and not objectionable." *Pos–A–Traction, Inc.,* 112 F.Supp.2d at 1182.

■ All documentary evidence, including contracts and canceled checks, must be presented in admissible form, generally requiring proper identification and authentication, and admissibility as nonhearsay evidence or under one or more of the exceptions to the hearsay rule, such as the business records exception. *Pos–A–Traction, Inc.,* 112 F.Supp.2d at 1182; Ahart, *California Practice Guide: Enforcing Judgments and Debts,* ¶¶ 4:145–4:156 (2009 rev.). Regarding authentication, evidence should be presented to prove the genuineness of the signatures or a declaration from the custodian of records laying a foundation for the document's admission into evidence. *Pos–A–Traction, Inc.,* 112 F.Supp.2d at 1182; Fed.R.Evid. 901–902; Cal. Evid. C. §§ 1400–1421. "For business records, and to show trustworthiness, evidence should be presented to establish that the record was made in the regular course of business, at or near the time of the act or event, and the custodian of records or other qualified witness must identify the record and its mode of preparation, as well as the sources of information and method and time of preparation." *Pos–A–Traction, Inc.,* 112 F.Supp.2d at

1182; Fed.R.Evid. 803(6), 902(11); Cal. Evid. C. § 1271.

Plaintiff's application for writ of attachment is based on its verified complaint and the declarations of Aferdita Mustafa, Scott Forsberg and Brian Panning. The complaint is verified by Ms. Mustafa, who is a paralegal working for plaintiff's parent corporation. *See* Declaration of Aferdita Mustafa ¶ 1 ("I am an employee of General Electric Capital Corporation ('GE Capital').... I am employed by GE Capital as a Litigation Specialist. [¶] ... [Plaintiff] is a corporation that is wholly-owned by GE Capital."). Although California law generally allows a verified complaint to be used in lieu of or in addition to affidavits, such usage is only allowed when the person verifying the complaint has knowledge of the facts in question and could "testify competently to the facts stated therein." *See* C.C.P. § 482.040 ("[E]ach affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated therein.... The affiant may be any person, whether or not a party to the action, who has knowledge of the facts. A verified complaint that satisfies the requirements of this section may be used in lieu of or in addition to an affidavit."). Here, Ms. Mustafa's verification does not support plaintiff's application for writ of attachment because it does not indicate she has personal knowledge of any of the purported facts set forth in the complaint, as it must. *Pos–A–Traction, Inc.,* 112 F.Supp.2d at 1182. Moreover, in California, "a verified [ ]complaint [by a corporation] cannot support an ... application for a right to attach order...." *Lorber Indus. of Cal.,* 175 Cal.App.3d at 536, 221 Cal.Rptr. 233; Ahart, *California Practice Guide: Enforcing Judgments and Debts,* ¶¶ 4:142 (2009 rev.). Thus, plaintiff's verified complaint makes "no valid evidentiary showing" supporting plaintiff's application for right to attach

order. *Id.* The Court, thus, sustains defendants' objections to Exhibit F, which is "set forth" in paragraph 21 of the complaint and attached to the complaint.

The Court also sustains defendants' objections to the declaration of Ms. Mustafa and Exhibit A to that declaration. Initially, Ms. Mustafa does not set forth any foundational facts establishing she can either authenticate plaintiff's corporate records or she is a custodian or other qualified individual regarding plaintiff's corporate records. *See* Fed.R.Evid. 803(6), 902(11). Thus, there is no merit to plaintiff's contention that Exhibit A to Ms. Mustafa's declaration and Exhibit F to the verified complaint are business records. Moreover, it is patently clear that Ms. Mustafa has no personal knowledge of any of the so-called facts she recites in her declaration. Fed.R.Evid. 602. Thus, all statements in paragraphs 15 through 17 of Ms. Mustafa's declaration are merely hearsay, and defendants' objections to these paragraphs are sustained. In sum, plaintiff has presented no competent evidence supporting its application for a right to attach order and writ of attachment, and it must be denied.

### ORDER

Plaintiff's application for right to attach order and writ of attachment against defendants CHF Express, LLC, Robert Fowler and Ronald W. Hertel **IS DENIED** without prejudice.