Filed 3/18/16  Vaca v. Vilkin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ELIZABETH UPTON VACA et al., | D068216 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2014-00002119-CU-OR-NC) |
| TAMARA VILKIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas, III, Judge.  Reversed in part and affirmed in part.

Moore & Skiljan and David R. Moore for Defendant and Appellant.

Higgs Fletcher & Mack and Christina M. Denning for Plaintiffs and Respondents.

In June 2013 plaintiffs Elizabeth Vaca et al. (Plaintiffs) filed a wrongful death action (the wrongful death lawsuit) against Michael Vilkin (Michael), the husband of defendant Tamara Vilkin (Tamara).  At the time the wrongful death lawsuit was filed, Michael and Tamara were the record owners, as joint tenants, of certain real property in Encinitas, California (the Property).  However, three weeks after Plaintiffs filed the

wrongful death lawsuit, Michael and Tamara recorded a quitclaim deed in which Michael quitclaimed his interest in the property to Tamara.

Plaintiffs filed the present action to set aside Michael's conveyance to Tamara as a fraudulent conveyance, and seeking to impose a constructive trust on the Property with Plaintiffs as beneficiaries and Tamara and Michael as involuntary trustees. After a bench trial, the court entered a judgment that (1) set aside the quitclaim deed and (2) ordered the Property be held in constructive trust for the benefit of Plaintiffs until there was a judgment in the wrongful death lawsuit. On appeal, Tamara challenges only that part of the judgment ordering the Property be held in constructive trust for the benefit of Plaintiffs until there is a judgment in the wrongful death lawsuit.

LEGAL FRAMEWORK: CONSTRUCTIVE TRUSTS

A constructive trust is an equitable remedy to compel the transfer of property by one who is not justly entitled to it to one who is. (*Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 457.) A constructive trust may *only* be imposed when three conditions are met: the existence of a res, the plaintiff's right to the res, and the defendant's acquisition of the res by some wrongful act. (*Campbell v. Superior Court* (2005) 132 Cal.App.4th 904, 920; *Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 980, 990.) Importantly, "[a] constructive trust is a *remedy* used by a court of equity to compel a person who has property to which he or she is not justly entitled to transfer it to the person entitled to it. The trust is passive, the only duty being to convey

2

the property." (13 Witkin, *Summary of Cal. Law* (10th ed. 2005) Trusts, § 319, p. 892; accord, *Pacific Lumber Co. v. Superior Court* (1990) 226 Cal.App.3d 371, 378.)

When the elements necessary for a constructive trust have been established, the "propriety of granting equitable relief of imposition of a constructive trust rests within the sound discretion of the trial court." (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 877-878.) However, the discretion is not an arbitrary one or one based in whimsy, but "should be exercised in accord with the principles and precedents of equity jurisprudence." (*Hicks v. Clayton* (1977) 67 Cal.App.3d 251, 265.)

ANALYSIS

The parties appear to agree on appeal, and the trial court's judgment impliedly found, that Plaintiffs had not yet obtained a favorable and final judgment in the underlying wrongful death lawsuit as of the date the court entered its judgment ordering Tamara and Michael to hold the Property in constructive trust for the benefit of Plaintiffs.[1] This fact compels us to conclude the court erred in imposing a constructive trust on the property because at least one essential element necessary to imposition of a

---

[1] Indeed, the judgment below ordered the conveyance set aside as a fraudulent conveyance before Plaintiffs obtained a judgment in the underlying wrongful death lawsuit. However, it appears a person with a pending lawsuit need not await a judgment in that lawsuit before moving to set aside a conveyance under fraudulent transfer principles. (See generally *Cortez v. Vogt* (1997) 52 Cal.App.4th 917, 930-932.) We need not definitively address that issue because Tamara does not challenge on appeal that part of the judgment setting aside the quitclaim deed as a fraudulent transfer.

3

constructive trust—Plaintiffs' *right* to the res and Tamara's corresponding *duty* to transfer it to Plaintiffs—was not then present and (arguably) might never be established.[2]

Although Plaintiffs cite cases on appeal that generically outline the principles for imposition of a constructive trust, they cite no authority approving imposition of a constructive trust as a form of prejudgment attachment of real property, as was done in this case.  We are satisfied the requirements and protections applicable to prejudgment levies, such as writs of attachment or lis pendens, may not be circumvented by resort to the equitable remedy of imposition of a constructive trust.  For example, the Property could not be attached in advance of judgment (because, among other things, it is not based on a commercial claim arising from a contract, see Code Civ. Proc., § 483.010), and this would bar the provisional remedy the judgment below effectively granted to Plaintiffs.[3]  (See generally *VFS Financing, Inc. v. CHF Express, LLC* (C.D.Cal. 2009)

---

[2]     For example, if Plaintiffs do not prevail in the underlying wrongful death action, they would never become creditors of Michael and Plaintiffs would have *no* claim on the Property.  Moreover, even if Plaintiffs do ultimately prevail and thereby become judgment creditors of Michael, Tamara's *separate* property might not necessarily be available to satisfy that judgment (Fam. Code, § 1000, subd. (a)), which raises potential questions whether the Property was an asset on which Plaintiffs could levy, either because the Property was traceable to her separate property (see, e.g., *In re Marriage of Mix* (1975) 14 Cal.3d 604, 611-612 [presumption that all property acquired during the marriage is community property may be overcome by tracing]), or because Michael has adequate separate assets from which any judgment against him could be satisfied before reaching any community property (Fam. Code, § 1000, subd. (b)(2).)  Thus, there are myriad issues to be resolved before Plaintiffs' "right to the res"—an essential prerequisite for imposition of a constructive trust—could be shown.

[3]     Moreover, Plaintiffs recorded the judgment entered below and thereby effectively clouded title pending resolution of the wrongful death lawsuit, even though it appears

4

620 F.Supp.2d 1092, 1095 [Attachment is provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment and " 'is a harsh remedy because it causes the defendant to lose control of his property before the plaintiff's claim is adjudicated.' [Citation.] . . . Since California's attachment law is purely statutory, it must be strictly construed."].) Moreover, even assuming Plaintiffs could have overcome the numerous obstacles to obtaining a right to attach order, that order would have been subject to the additional requirement of an undertaking to protect Tamara in the event the attachment was later determined to be wrongful (see Code Civ. Proc., § 489.210 et seq.), which the judgment below did not include.

The remedy sought and obtained by Plaintiffs here—a constructive trust on the Property for Plaintiffs' benefit "until and if there is a judgment [in the wrongful death lawsuit]"—provided Plaintiffs all of the practical benefits of a prejudgment attachment or lis pendens without the procedural protections afforded by either statutory scheme. Because Plaintiffs have cited no authority suggesting those provisions may be circumvented by imposition of constructive trust, we conclude the trial court's judgment, insofar as it purported to impose a constructive trust on the Property for Plaintiffs' benefit until a judgment was entered in the wrongful death lawsuit, must be reversed.

their claim in this proceeding would *not* have supported the filing of a lis pendens clouding Tamara's title to the Property pending resolution of the wrongful death lawsuit. (See, e.g., *Campbell v. Superior Court, supra,* 132 Cal.App.4th at pp. 920-922 [claim seeking imposition of constructive trust does not support lis pendens]; accord, *Wardley Development Inc. v. Superior Court* (1989) 213 Cal.App.3d 391, 396 [noting courts reject "use of lis pendens to hinder alienability of targeted real property during the pendency of an action, where the property is sought solely as res to secure payment of monetary damages"].)

DISPOSITION

The judgment, insofar as it ordered a constructive trust imposed on the Property for Plaintiffs' benefit until a judgment was entered in the wrongful death lawsuit, is reversed; in all other respects, the judgment is affirmed. Tamara shall recover costs on appeal.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

6